J-S34008-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
 :   PENNSYLVANIA
 :
v.   :
 :
 :
 :
JASON EDWARD GRUBB   :
 :
Appellant   :   No. 1409 WDA 2023

Appeal from the Judgment of Sentence Entered July 19, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0003390-2022

BEFORE: DUBOW, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:      **FILED: OCTOBER 16, 2024**

Appellant, Jason Edward Grubb, appeals from the July 19, 2023 judgment of sentence entered in the Allegheny County Court of Common Pleas following his conviction after a bench trial of Third-Degree Murder and Firearms Not to be Carried Without a License. Appellant challenges the weight the trial court gave to the Commonwealth's evidence. After careful review, we affirm.

The relevant facts and procedural history are as follows. On the morning of March 17, 2022, Edwin Green suffered a fatal gunshot wound to the abdomen outside of a garage from which he operated a construction business. Mr. Green's employees, William Lamark and Zachary Thompson, who were present at the time of the shooting, identified Appellant as the shooter.

_____

[*] Former Justice specially assigned to the Superior Court.

Immediately following the shooting, Mr. Lamark made a statement to the police, which the officers' body camera recorded, describing the incident.[1] In addition, video surveillance footage from inside the garage recorded Appellant entering the garage that morning, removing a handgun from his right pocket, and striking Mr. Green with it. The two men then engaged in a physical altercation before moving out of the view of the camera. The camera then recorded Mr. Green crawling on the sidewalk, as Appellant approached him with the handgun in his right hand. Appellant then picked up his hat from the street and walked out of view of the camera.

Police arrested Appellant and charged him with First-Degree Murder, Firearms Not to be Carried Without a License, and Recklessly Endangering Another Person ("REAP").[2]

Appellant's two-day non-jury trial commenced on April 19, 2023. The Commonwealth presented the testimony of, *inter alia*, Mr. Lamark, Mr. Robinson, and Dr. Ariel Goldschmidt, an expert in forensic pathology employed by the Allegheny County Medical Examiner.[3] The Commonwealth also showed surveillance video recordings from the scene of the murder and body camera

---

[1] Mr. Lamark also testified at Appellant's preliminary hearing.

[2] 18 Pa.C.S. §§ 2501(a), 6106(a)(2), and 2705, respectively.

[3] Pitcairn Borough Police Officer Joechris Ross, Pitcairn Chief of Police Scott Farrally, and Allegheny County Detectives James Grill and William Hermann also testified.

recordings from the time the police arrived through Mr. Lamark's recorded statements to police.

Appellant's counsel vigorously cross-examined Mr. Lamark about alleged inconsistencies in his direct examination testimony, his preliminary hearing testimony, and the video-recorded statement he gave to the police. In addition, after watching the body camera recording of his statement to the police, Mr. Lamark observed that he appeared to be under the influence, but that he recalled trying to be accurate in his statement.

Dr. Goldschmidt testified that Appellant shot Mr. Green in the left upper abdomen from a distance of two inches or less. He testified that the bullet traveled from front to back, left to right, and upward through Mr. Green's abdomen. On cross-examination, Dr. Goldschmidt testified that, as long as the gun was within a few inches of Mr. Green, his wound could have been inflicted from a person who was on the ground. He also testified that there was no evidence of trauma to Mr. Green's face or head, but Mr. Green did have a bruise on his right knee and scrapes on his right elbow, left index finger, left leg, and right leg which "could be" consistent with a physical struggle. N.T. Trial, 4/20/23, at 177-178, 183.

Appellant did not testify or present any witness testimony. In his closing argument, Appellant's counsel argued that the evidence demonstrated that he had been acting in self-defense or with justification because the surveillance video recording "clearly depicts Mr. Green getting the best of [Appellant] . . . getting him good." *Id.* at 202, 206-07. He also argued that Mr. Lamark was

- 3 -

not a credible witness because Mr. Lamark admitted that he appeared to be under the influence of drugs when he gave his initial statement to police and because Mr. Lamark's trial testimony was inconsistent with his preliminary hearing testimony and statement to police. *Id.* at 202, 219. Appellant's counsel also posited that, in the time between the murder and when the police collected the video surveillance recording from the premises, Mr. Lamark had tampered with and altered it. *Id.* at 203-04, 214-15.

At the close of trial, the court acquitted Appellant of REAP. The court found insufficient evidence that Appellant committed First-Degree Murder, but sufficient evidence to convict Appellant of Third-Degree Murder and Firearms Not to be Carried Without a License. With respect to the Third-Degree Murder conviction the court explained that Appellant "went there with a gun in his pocket, he had the chance to leave, instead he pulled the gun and he used it on Mr. Green." *Id.* at 235.

On July 25, 2023, the trial court sentenced Appellant to a term of 15 to 40 years of incarceration for his Third-Degree Murder conviction and a consecutive term of 3½ to 7 years of incarceration for his Firearms Not to be Carried Without a License conviction.

Appellant filed a timely post-sentence motion and, with leave of court, a supplemental post-sentence motion, challenging the weight of the evidence in support of his Third-Degree Murder conviction. Appellant asserted that the

Commonwealth's eyewitnesses provided inconsistent, unreliable, and contradictory testimony.[4]

The trial court denied Appellant's motion on November 21, 2023. This appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

Whether the [t]rial [c]ourt palpably abused its discretion in denying the claim that the verdict was against the weight of the evidence, insofar as the testimony of the two eyewitnesses and the physical evidence were impermissibly unreliable, ambiguous[,] and speculative[?] And whether the trial court abused its discretion in finding that [] Appellant had a meaningful opportunity to retreat while failing to acknowledge or properly consider the unrebutted mitigating forensic evidence establishing that the bullet trajectory was consistent with a shooter being on the ground with the victim two inches above him[?]

Appellant's Brief at 6.

**A.**

Appellant challenges the trial court's denial of his weight of the evidence claim. When considering challenges to the weight of the evidence, we apply the following precepts. "The weight of the evidence is exclusively for the

_____

[4] Appellant also claimed that the Commonwealth presented insufficient evidence to prove beyond a reasonable doubt that Appellant was not defending himself at the time of the shooting or that he could have safely escaped, that Dr. Goldschmidt's testimony "raised independent reasonable doubt" that buttressed Appellant's defense, and that "reasonable doubt also existed due to the inexplicable lack of evidence as to key points[.]" These issues implicate the sufficiency, and not the weight, of the evidence. Appellant has not, however, raised any issues on appeal challenging the sufficiency of the evidence in support of his convictions.

finder of fact, who is free to believe all, none[,] or some of the evidence and to determine the credibility of the witnesses." ***Commonwealth v. Talbert***, 129 A.3d 536, 545 (Pa. Super. 2015) (citation omitted). Resolving contradictory testimony and questions of credibility are matters for the finder of fact. ***Commonwealth v. Hopkins***, 747 A.2d 910, 917 (Pa. Super. 2000). It is well-settled that we cannot substitute our judgment for that of the trier of fact. ***Talbert***, 129 A.3d at 546.

Moreover, appellate review of a weight claim is a review of the trial court's exercise of discretion in denying the weight challenge raised in the post-sentence motion; this court does not review the underlying question of whether the verdict is against the weight of the evidence. ***See id.*** at 545-46. "Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is [or is not] against the weight of the evidence." ***Id.*** at 546 (citation omitted). "One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice." ***Id.*** (citation omitted).

Furthermore, "[i]n order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague[,] and uncertain that the verdict shocks the conscience of the court." ***Id.*** (citation and internal quotation marks omitted). As our Supreme Court has made clear,

reversal is only appropriate "where the facts and inferences disclose a palpable abuse of discretion[.]" ***Commonwealth v. Morales***, 91 A.3d 80, 91 (Pa. 2014) (emphasis omitted). A court abuses its discretion when its decision "represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias[,] or ill-will." ***Commonwealth v. Clay***, 64 A.3d 1049, 1055 (Pa. 2013) (citations omitted).

**B.**

Appellant argues that the trial court placed inappropriate weight on the video evidence and bullet trajectory testimony given by Dr. Goldschmidt. Appellant's Brief at 18-32. In particular, Appellant claims that the court "failed to give the proper greater weight" to Dr. Goldschmidt's testimony regarding the trajectory of the bullet and the possibility that the shooter was below Mr. Green when shooting him. ***Id.*** at 19. He contends that the doctor's testimony, coupled with the close range of the shot, leads to the "strong inference" that the shooting was "defensive in nature." ***Id.*** He claims that Dr. Goldschmidt's testimony "materially undercuts the [c]ourt's finding that [Appellant] 'had the chance to leave' and could have safely retreated[,]" thus rendering the verdict based upon pure conjecture. ***Id.*** at 32. Appellant characterizes the trial court as having failed to "accept that expert testimony or to provide a meaningful weighing of that critical evidence." ***Id.*** at 20, 24.

Appellant also asserts that the trial court erred in finding Mr. Lamark credible because of the "myriad" inconsistencies among his trial testimony,

his preliminary hearing testimony, and the video recorded statement he gave to detectives.[5] *Id.* at 25-26.

In denying Appellant's motion, the trial court explained that it found the Commonwealth's evidence "credible, competent and reliable and established each element of the crimes of conviction." Trial Ct. Op., 1/24/24, at 6. It further explained that, following its review of the trial record, it did not believe that the verdict shocked "any rational sense of justice" and it was therefore, not against the weight of the evidence. *Id.* We discern no abuse of discretion in the trial court's determination.

The trial court, hearing all the evidence, found the Commonwealth's witnesses, including Mr. Lamark, credible and determined that the variations between Mr. Lamark's statement to the police immediately following the murder and his preliminary hearing testimony did not undermine his credibility. The court also considered Dr. Goldschmidt's expert testimony regarding the bullet trajectory in light of Appellant's theory of the case and chose not to credit Appellant's theory.

_____

[5] We observe that much of the argument presented in Appellant's appellate brief implicates the sufficiency of the evidence, especially as it concerns Appellant's self-defense or justification theories of the case. *See* Appellant's Brief at 26-32. "[S]ufficiency and weight claims are clearly distinct." *Commonwealth v. Spence*, 290 A.3d 301, 310 (Pa. Super. 2023) (citing *Commonwealth v. Widmer*, 744 A.2d 745 (Pa. 2000) (discussing the distinctions between a claim challenging the sufficiency of the evidence and a claim the verdict is against the weight of the evidence)). Because Appellant did not preserve a challenge to the sufficiency of the evidence, we decline to address those arguments.

This Court may not reweigh the evidence or make credibility determinations. The trial court, sitting as fact-finder, was free to find Mr. Lamark credible and resolve the inconsistencies between his recorded statement, his preliminary hearing testimony, and his trial testimony. The court was likewise free to weigh Dr. Goldschmidt's testimony as it did. Deferring to the trial court's discretion in deciding Appellant's weight claim as we must, we conclude that Appellant has failed to show that the trial court, in denying his motion for post-sentence relief, exceeded the limits of its discretion by reaching a manifestly unreasonable judgment, misapplying the law, or basing its decision on partiality, prejudice, bias, or ill will. Appellant is, thus, not entitled to relief on this claim.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 10/16/2024